IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MELVIN LEE DUKE, #02054172, §
§
*Plaintiff,* §
§ Civil Action No. H-19-3347
v. §
§
ROBERT MOSS, *et al.*, §
§
*Defendants.* §

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against Houston Police Department Officer Robert Moss, the Houston Police Department ("HPD"), the Internal Affairs Division ("IAD"), and the City of Houston.

Having screened the complaint pursuant to sections 1915 and 1915A, the Court **DISMISSES** this lawsuit for the reasons discussed below.

### I. BACKGROUND AND CLAIMS

Plaintiff states that, on October 8, 2014, he led HPD officers on a high-speed chase through southeast Houston. His vehicle eventually flipped over, and he fled the scene on foot. Defendant HPD Officer Robert Moss caught up with plaintiff and grabbed him by the shirt. Moss then struck plaintiff with a police radio, breaking plaintiff's nose and cutting his forehead. Moss arrested plaintiff, and plaintiff was transported to a local hospital for medical

treatment. After receiving treatment, plaintiff was booked into jail and charged with evading arrest with a motor vehicle and assaulting Moss, causing bodily injury.

Plaintiff bonded out of jail two weeks later and attempted to file a complaint with the HPD IAD as to Moss's use of force. According to plaintiff, the IAD denied his complaint without undertaking an investigation. Plaintiff's bond was revoked a few weeks later when he failed to appear for court in November 2014. He was recaptured and returned to custody in May 2015. He was convicted in March 2016 of evading arrest with a motor vehicle and sentenced to thirty-five years' imprisonment.

Plaintiff seeks $2 million in damages from defendant Moss for breaking his nose and $10 million from the IAD for failing to investigate the incident. He seeks an additional $10 million from HPD and the City of Houston under a theory of vicarious liability.

## II. ANALYSIS

Because plaintiff is proceeding *in forma pauperis* and is a prisoner who has sued a government entity or employee of a government entity, his complaint is subject to *sua sponte* dismissal if it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). As shown below, plaintiff's complaint fails to state a viable claim for relief under section 1983.

A.  Defendants HPD and IAD

Plaintiff names as defendants the HPD and the IAD. These entities have no legal capacity to be sued. The HPD is a subdivision of the City of Houston, and is not subject to suit in its own name. *See* FED. R. CIV. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991) (noting that, as an agency or subdivision of the city, the police department could not be separately sued). The IAD, being a division of the HPD, is likewise not subject to suit in its own name.

Plaintiff's claims against the IAD and the HPD are **DISMISSED WITH PREJUDICE**.

B.  Defendants the City of Houston and Moss

42 U.S.C. § 1983 does not have its own statute of limitations. With respect to claims brought pursuant to section 1983, a federal court must borrow the forum state's general personal injury limitations period. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Texas, the applicable period of limitations is two years. TEX. CIV. PRAC. & REM. CODE § 16.003. *See King-White v. Humble Indep. School Dist.*, 803 F.3d 754, 759–61 (2015); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995). Thus, plaintiff's section 1983 claims are subject to a two-year statute of limitations.

Although the applicable limitations period is determined by state law, the accrual of a cause of action is resolved by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The

limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge of the violation. *Newman v. Coffin*, 464 F. App'x 359, 362 (5th Cir. 2012). "The requisite knowledge that a plaintiff must have to begin the running of the limitations period is merely that of the facts forming the basis of his cause of action, . . . not that of the existence of the cause of action itself." *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988) (internal quotation marks omitted).

The incidents giving rise to plaintiff's claims against the City of Houston and Moss occurred in 2014. Because plaintiff was directly involved in the incidents, he was aware of the factual basis for his claims at the time they occurred in 2014. Consequently, plaintiff's claims against these two defendants accrued in 2014 and limitations expired two years later, at some point in 2016.[1] Plaintiff filed the instant lawsuit no earlier than August 29, 2019, nearly five years after the underlying incidents transpired. To the extent plaintiff's factual allegations raise viable section 1983 claims against the City of Houston and Moss, the claims are **DISMISSED WITH PREJUDICE** as barred by limitations.

The Court is of the opinion that plaintiff has pleaded his best case against the four defendants, and that granting him leave to amend would be futile.

---

[1] The State dismissed plaintiff's criminal charges for his assault of Moss on March 7, 2016, based on his conviction and thirty-five year sentence for evading arrest with a motor vehicle. Even assuming plaintiff's claim against Moss was barred until the assault charges were dismissed, limitations would have expired on March 7, 2018.

## III. CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief under section 1983. Any and all pending motions are **DENIED AS MOOT**.

The dismissal of this lawsuit constitutes a "strike" for purposes of section 1915(g).

The Clerk is directed to provide a copy of this order to plaintiff. The Clerk will also provide a copy of this order to the TDCJ – Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; and by e-mail to the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 28th day of October, 2019.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE